# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DEBORAH JENNINGS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-CV-93 SNLJ |
| AMCO INSURANCE COMPANY, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Plaintiff Deborah Jennings was a passenger in an automobile accident in which she sustained serious injuries on January 17, 2014. Her husband, Allen Jennings, was driving the car, and his negligence is alleged to have caused the accident. At the time, the Jenningses had an insurance policy with defendant AMCO Insurance Company. Plaintiff and defendant disagree regarding the amount plaintiff is entitled to recover under the policy. Plaintiff filed this action in state court seeking a declaratory judgment as to insurance coverage (Count I), and claiming breach of contract (Count II) and vexatious refusal to pay (Count III). Defendant removed the matter to this Court citing diversity jurisdiction. Then, defendant filed a third-party complaint against Allen Jennings and a counterclaim against plaintiff. The parties have filed cross-motions for summary judgment (#17, #19). The matter has been fully briefed and is now ripe for disposition.

## I. Factual Background

The subject AMCO automobile insurance policy ("Policy") offers bodily injury coverage of $100,000/$300,000 (per person/each accident) and medical payments coverage of $5,000. There are two motor vehicles covered under the Policy. Plaintiff seeks to stack the $100,000 + $5,000 coverage for each vehicle for a total of $210,000. The Policy includes a so-called "Family Member Exclusion" or "Household Exclusion" that states

> We do not provide Liability Coverage for any "insured":
> …For "bodily injury" to you or any "family member" to the extent that the limits of liability for this coverage exceed the limits of liability required by the Missouri Financial Responsibility Law.

As a result, defendant has offered $25,000 to plaintiff pursuant to the minimum coverage requirements of the Missouri Financial Responsibility Law for bodily injury coverage. Defendant has also denied plaintiff's attempt to "stack" the coverage amounts for each of the two vehicles covered under the policy. The Policy states that, with respect to "Medical Payments Coverage,"

> The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
> 1. "Insureds";
> 2. Claims made;
> 3. Vehicles or premiums shown in the Declarations; or
> 4. Vehicles involved in the accident…

Defendant has denied plaintiff's claim for $10,000 in medical expenses coverage as a result of that anti-stacking language.

In addition, the anti-stacking provisions of the Bodily Injury Endorsement state as follows:

> The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident.
> …
> This is the most we will pay regardless of the number of:
> 1. "Insureds";
> 2. Claims made;
> 3. Vehicles or premiums shown in the Declarations; or
> 4. Vehicles involved in the accident…

Based on that "anti-stacking" language, the defendant has denied plaintiff's claim for the $200,000 in bodily injury benefits.

Plaintiff seeks a declaratory judgment that she is entitled to stack the liability and medical payment coverage available under the Policy for a total of $210,000. Plaintiff also claims breach of contract and vexatious refusal to pay. Defendant has filed a counterclaim against plaintiff seeking a declaratory judgment that plaintiff is entitled to only $25,000 in bodily injury coverage pursuant to the step down provision of the household exclusion. In addition, defendant has filed a third-party complaint against Allen Jennings seeking the same declaratory judgment. The parties have filed cross-motions for summary judgment.[1]

---

[1] Plaintiff Deborah Jennings and third-party defendant Allen Jennings filed a joint motion for summary judgment. For ease of reference, references to "plaintiff" are references to both where applicable.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). Because "the interpretation and construction of insurance policies is a matter of law, ... such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991).

Because this is a diversity case, the Court applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's claim is based on a Missouri contract and an accident that occurred in Missouri. The parties appear to agree that Missouri law controls.

With those principles in mind, the Court turns to the discussion.

## III. Discussion

The parties have filed cross-motions for summary judgment on all claims. At the outset, the Court notes plaintiff listed "general objections" to the defendant's statements of fact, including that defendant's statements "consist only of recitation of pleadings and the insurance Policy at issue in this case." (#23-1 at 1.) However, the matters alleged in the complaint are admissions by the plaintiff. *See Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) ("admissions in the pleadings ... are in the nature of

4

judicial admissions binding upon the parties, unless withdrawn or amended.") (internal quotation omitted). In addition, the fact of the Policy (including its authenticity) is not in dispute. Finally, plaintiff appears to object to the defendant's citation to certain pleadings in a related state court matter that were filed by the Jenningses. Notwithstanding the fact that this Court may take judicial notice of such documents, *see Matter of Phillips*, 593 F.2d 356, 358 (8th Cir. 1979), that is not even necessary: the only matter at issue in this case is the interpretation of the insurance policy contract between the parties.

    A.    **Third Party Liability Coverage**

All parties seek judgment regarding the extent of liability coverage owed to plaintiff Deborah Jennings under the policy's bodily injury and medical expenses coverages.

Defendant AMCO insists that, with respect to bodily injury, the $100,000 coverage must be reduced to $25,000 pursuant to the household exclusion. That provision states that the Policy does not provide liability coverage for "bodily injury" to either the insured or "any 'family member' to the extent that the limits of liability for this coverage exceed the limits of liability required by the Missouri Financial Responsibility Law." Plaintiff does not dispute that she is a "family member" of the "insured" as defined by the Policy. The Missouri Motor Vehicle Financial Responsibility Law prescribes minimum liability limits of $25,000. *See* § 303.010 et seq. RSMo. Thus, defendant contends that the Policy provides liability coverage for plaintiff's bodily injury only in the amount of $25,000.

Plaintiff suggests that the Household Exclusion is a "mystery" because it refers to the "Missouri Financial Responsibility Law," which does not exist --- the law defendant

intends to invoke is the "Missouri Motor Vehicle Financial Responsibility Law." Defendant responds that "financial responsibility law" is the commonly understood term for the law requiring an individual to maintain a minimum amount of insurance for vehicles owned or driven. Further, Missouri courts have already rejected the argument that referring to the "Missouri Financial Responsibility Law" renders a Policy ambiguous because plaintiff cannot show that the policy is open to different constructions. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Maune*, 277 S.W.3d 754, 760 (Mo. App. E.D. 2009).

Plaintiff also asserts that the Policy is ambiguous. "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Gulf Ins. Co. v. Noble Broad.*, 936 S.W.2d 810, 814 (Mo. banc 1997). Plaintiff points to the Policy's Declarations Page, which states that "coverage is provided where a premium or limit of liability is shown for coverage" and goes on to list bodily injury coverage as $100,000 per individual. Plaintiff points out that no mention of any Household Exclusion is listed on the Declarations Page.[2] Plaintiff argues that an ambiguity is created because the Declarations Page does not mention modifications or limits embedded within the Policy, so the plaintiff was left unaware of any limiting language negating the promise to pay up to the limits listed on the Declarations Page. In support, plaintiff relies on a Missouri Court of Appeals case that held a policy was ambiguous because the

---

[2] Plaintiff also suggests that the Policy is ambiguous because the term "Household Exclusion" does not appear anywhere in the Policy. Defendant's use of the term "Household Exclusion" is based on the numerous Missouri cases interpreting the exclusion that also refer to it as the "Household" or "Family Member" exclusion. The defendant and various courts' shorthand for the exclusion in no way creates an ambiguity.

declarations page did not indicate that the insured needed to look elsewhere in the policy for limitations. *Fanning v. Progressive Nw. Ins. Co.*, 412 S.W.3d 360, 366 (Mo. App. W.D. 2013). That case, however, is distinguishable on the facts and is in conflict with other Missouri cases. On the facts, *Fanning* addressed underinsured motorist coverage, and the policy in *Fanning* defined "declarations page" as inclusive of limits of liability and coverage. *Id.* No such definition for the declarations page exists in the subject Policy here. Furthermore, although *Fanning* gives weight to the "reasonable expectations" of the policy holder, Missouri Supreme Court precedent "expressly prohibits a court from finding an ambiguity solely by giving effect to the insured's reasonable expectation." *Jaudes v. Progressive Preferred Ins. Co*., 11 F. Supp. 3d 943, 957 (E.D. Mo. 2014) (citing *Rodriguez v. Gen. Accident Ins. Co. of Am*., 808 S.W.2d 379, 381-83 (Mo. banc 1991) and observing that *Fanning* conflicts with binding Missouri Supreme Court precedent).

Another Missouri Court of Appeals case is on point and supports the defendant's position. In *Progressive Northwestern Ins. Co. v. Talbert*, 407 S.W.3d 1 (Mo. App. S.D. 2013), the plaintiff argued that her policy's "Household Exclusion" clause is invalid or at least should have been revealed in the declaration page. This Missouri Supreme Court has already held that Household Exclusion clauses are valid to the extent they provide coverage satisfying the statutory minimum. *Halpin v. American Family Mut. Ins. Co*., 823 S.W.2d 479 (Mo. banc 1992); *see also Talbert*, 407 S.W.3d at 7 ("Insurers and policyholders are free to make insurance contracts including household exclusion clauses affecting coverage in excess of $25,000."); *State Farm Mutual Automobile Ins. Co. v. Zumwalt*, 825 S.W.2d 906 (Mo. App. S.D. 1992). The *Talbert* court rejected the

argument that the exclusion should have been cited in the declarations, noting that the policy must be read as a whole, the declarations usually include only the essential terms stated in abbreviated form, and "[e]xclusions are essential provisions in insurance policies, and are routinely contained in such policies. " *Talbert*, 407 S.W.3d at 13 (citing *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007)). Plaintiff's very argument has therefore been considered and rejected by Missouri courts.[3] The "Household Exclusion" present in the Policy limits plaintiff's recovery to $25,000 for bodily injury.

Next, plaintiff argues that defendant has improperly denied plaintiff's claim to "stack" the two $100,000 limits of liability (or, having determined that the Household Exclusion applies, $25,000 limits of liability) for bodily injury and the two $5,000 limits of liability for medical expenses. Plaintiff argues that two cars are covered under the policy, and she believes she is entitled to recover the full limits of liability for both vehicles. Standing in plaintiff's way is the Policy's "anti-stacking" language, which states that the limits of liability are the most the company will pay regardless of the number of insureds, claims, vehicles or premiums shown, or vehicles involved in the accident. Plaintiff insists that she should be able to collect for both the owner (herself) and the operator (her husband), and she suggests that public policy supports stacking. Plaintiff, however, relies in part on cases addressing underinsured and uninsured motorist coverage. *See, e.g.*, *Niswonger v. Farm Bureau Town & Country Ins. Co. of Missouri*, 992 S.W.2d 308, 313 (Mo. Ct. App. 1999) (observing that multiple uninsured motorist

---

[3] Plaintiff suggests that the subject Policy is especially ambiguous when compared with other companies' automotive insurance policies. Regardless of other policies, the law in Missouri is that the declarations page contains an abbreviated version of essential terms, and exclusions are not required to be among them. *Todd*, 223 S.W.3d at 160.

coverage must be allowed to be stacked, but there is no such requirement regarding underinsured motorist coverage). Missouri law conclusively supports the defendant's position that its Policy unambiguously prohibits stacking of coverage. *O'Rourke v. Esurance Ins. Co.*, 325 S.W.3d 395 (Mo. App. E.D. 2010). In *O'Rourke*, the plaintiff argued that his policy, that covered two vehicles for $50,000 in liability insurance each, should allow for stacking. *Id.* at 398. That policy used the same anti-stacking language as found in the Policy here. Moreover, the accident giving rise to the insurance claim involved both plaintiff and wife, so the policy's Household Exclusion applied to reduce the coverage to $25,000. *Id.* The court there held that Missouri law "only requires $25,000 for each insured vehicle involved in an accident, not $25,000 multiplied by the number of vehicles insured under one policy as argued by [plaintiff]" and that the "policy unambiguously prevented stacking the coverage provided for the two insured vehicles." *Id.* The court distinguished that plaintiff's circumstances, in which plaintiff had one policy that covered two vehicles, with a situation in which two policies (an owner policy and an operator policy) covered one vehicle. *Id.* Here, as in *O'Rourke*, plaintiff cannot wish away the anti-stacking language that unambiguously prevents plaintiff from stacking coverage. Plaintiff is entitled to $25,000 in bodily injury coverage and $5,000 in medical expenses coverage.

### B. Breach of Contract and Vexatious Refusal to Pay

Plaintiff's claims for breach of contract and vexatious refusal to pay also fail because defendant has paid $5,000 in medical payments benefits and has offered to pay $25,000 in bodily injury benefits in accordance with the Policy. Plaintiff asserts in summary judgment briefing that defendant has withheld payment of the $25,000

9

wrongfully. However, plaintiff's own complaint in this matter alleges that "Defendant has offered $25,000, pursuant to the minimum coverage requirements of the Missouri Financial Responsibility Law for bodily injury coverage." (#1-3 at ¶ 21.) Plaintiff's claims therefore fail, and summary judgment will be granted to defendant on those Counts.

## IV. Conclusion

Defendant AMCO's motion will be granted. Plaintiff Deborah Jennings and Third-Party Defendant Allen Jennings's motion will be denied. Judgment will be granted to defendant/counterclaimant/third-party plaintiff AMCO and against plaintiff and third-party defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant AMCO's motion for summary judgment (#19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Deborah Jennings and Third-Party Defendant Allen Jennings's motion for summary judgment (#17) is **DENIED.**

Dated this __10th__ day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE